ACCEPTED
03-15-00262-CV
7670545
THIRD COURT OF APPEALS
AUSTIN, TEXAS
11/3/2015 8:31:01 PM
JEFFREY D. KYLE
CLERK

 **American College of Acupuncture and Oriental Medicine**

RECEIVED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
11/3/2015 8:31:01 PM
JEFFREY D. KYLE
Clerk

Honorable Jeffrey D. Kyle

Clerk, Third Court of Appeals

209 W 14th Street, Room 101

Austin, TX 78701

*Re: Texas Association of Acupuncture and Oriental Medicine v. Texas Board of Chiropractic Examiners and Yvette Yarborough, Executive Director in Her Official Capacity, No. 3-15-00262-CV*

Mr. Kyle:

On behalf of the American College of Acupuncture and Oriental Medicine[1], I respectfully submit this amicus curiae letter for your consideration in the above referenced matter.

My perspective on the issue before the court is both personal and professional. I am the president of the American College of Acupuncture and Oriental Medicine in Houston, Texas, a school founded by my father, Shen Ping Liang, Ph.D., L.Ac., who also played an instrumental role in negotiating the original language of the Acupuncture Chapter of the Texas Occupations Code as a founding member of the

---

[1] The American College of Acupuncture and Oriental Medicine, available at https://acaom.edu.

Texas Acupuncture Association, now the Texas Association of Acupuncture and Oriental Medicine. Not in his wildest dreams would my father have imagined, just four years after the long and arduous struggle to make acupuncture a legally recognized and regulated profession in Texas, that another regulatory agency would step in and undermine these efforts.

Traditional Chinese Medicine is a cultural treasure for all of mankind, and to diminish the integrity of the practice of acupuncture for the gain of the chiropractic profession diminishes not just the integrity of acupuncture, but also that of chiropractic. I have previously stated my concern to the Chiropractic Board in the rule making process that if a patient has an unfavorable experience with acupuncture performed by a chiropractor as a result of insufficient training; both the acupuncture and chiropractic professions bear the brunt.

Just as an acupuncturist wanting to practice chiropractic manipulation would be required to become licensed in the practice of chiropractic, so too should a chiropractor wanting to practice acupuncture be required to become licensed to practice acupuncture. The Texas Board of Chiropractic Board Examiners itself recognizes a Masters level of training as an entry level standard in articulating the National Certification Commission for Acupuncture and Oriental Medicine (NCCAOM) acupuncture examination as one pathway by which chiropractors may be allowed to practice acupuncture in Texas (A Masters level training is required to

sit for the NCCAOM exam).[2] But unfortunately, the Chiropractic Board simultaneously allows a far less rigorous standard of entry to practice with the 100 hour/no clinical training required National Board of Chiropractic Examiners acupuncture exam.[3]

An ordinary citizen of Texas, when seeking acupuncture treatment, likely has no knowledge of or way to discern the disparity of training that currently exists between Licensed Acupuncturists and chiropractors who practice acupuncture and who technically can legally represent themselves as acupuncturists without actually being licensed in acupuncture[4]. Most people would likely just assume that if a healthcare provider is performing acupuncture they must be a Licensed Acupuncturist. A 2013 Houston Chronicle article on acupuncture exemplifies this perfectly. [5] In this article a Doctor of Chiropractic who practices acupuncture is incorrectly identified as a Licensed Acupuncturist.

---

[2] 22 TEX. ADMIN. CODE §78.14. *See also* National Certification Commission for Acupuncture and Oriental Medicine, NCCAOM Certification Handbook 2015, available at http://www.nccaom.org/wp-content/uploads/pdf/Certification%20Handbook.pdf.

[3] *See* National Board of Chiropractic Examiners, Acupuncture Brochure (page 3, Applicant Eligibility), available at http://nbce.wpengine.com/wp-content/uploads/acu_brochure.pdf.

[4] Even the Chiropractic Board confuses the issue. During a 2012 Chiropractic Board meeting, Janet Kirben, then Chiropractic Board Chair refers to chiropractic licensees, "…who already are licensed to practice acupuncture in this state and have been for quite a time." Chiropractic Board July 11, 2012 ad hoc meeting, at 0:02:41, available at https://www.tbce.state.tx.us/Hearings/Acupuncture20120711.MP3. *See also* CR 249, Admission No. 14 (admitting that the Chiropractic Board does not certify or license chiropractors in acupuncture.)

[5] *See* Houston Chronicle, Doctors Increasingly Are Turning to Acupuncture for Treatment of Pain, available at http://www.chron.com/news/health/article/Doctors-increasingly-are-turning-to-acupuncture-4919724.php.

At my school we have two dually licensed Doctors of Chiropractic/Licensed Acupuncturists on faculty, and not one of these individuals thinks that how the Chiropractic Board has operated is in the best interest of the chiropractic profession, the acupuncture profession, or the public.

The State of Texas has seen fit to regulate the practice of acupuncture and to establish minimum standards for practice. The rules adopted by the Chiropractic Board undermine the requirements of both the Acupuncture Chapter and the Chiropractic Chapter of the Occupations Code, and erode the integrity of both professions. For these reasons, the American College of Acupuncture and Oriental Medicine submits this amicus letter and humbly requests that the Third Court of Appeals reverse the decision by the District Court and render judgement in favor of the Texas Association of Acupuncture and Oriental Medicine.

Sincerely,
*/s/ John Paul Liang*

John Paul Liang Ph.D., L.Ac.
President
American College of Acupuncture and Oriental Medicine
9100 Westpark Drive
Houston, TX 77063
Phone: (713) 780-9786
jpliang@acaom.edu

## Certificate of Amicus

Pursuant to Rule 11 of the Texas Rules of Appellate Procedure, this will confirm that the American College of Acupuncture and Oriental Medicine has not incurred any legal fees related to the drafting of this letter. The undersigned is an employee and the President of the American College of Acupuncture and Oriental Medicine and neither the American College of Acupuncture and Oriental Medicine nor the undersigned have received or will receive any direct compensation for the drafting or submission of this amicus letter.

*/s/ John Paul Liang*
John Paul Liang


## Certificate of Compliance

I certify on behalf of *Amicus Curiae*, that this *Amicus* letter contains 729 words according to the word count feature of the software used to prepare this amicus letter.

*/s/ John Paul Liang*
John Paul Liang

<u>Certificate of Service</u>

I hereby certify that a true and correct copy of the above and foregoing

*Amicus* letter has been served to all attorneys of record as listed below on

November 3, 2015.

Joe H. Thrash
Assistant Attorney General
Administrative Law Division
P.O. Box 12548
Austin, Texas 78711
Joe.Thrash@texasattorneygeneral.gov

Craig T. Enoch
Enoch Kever, PLLC.
600 Congress Avenue, Suite 2800
Austin, Texas 78701
cenoch@enochkever.com

*/s/John Paul Liang*
John Paul Liang